the labeling, then prescribing doctors likely would not have prescribed Ocaliva to their Medicare, Medicaid, or other Government Health Care Program patients.

129.    As a result of the false statements, millions of dollars has been and/or will be spent by Medicare, Medicaid, and the other federal Government Health Care Programs for unapproved uses of Ocaliva that are not reimbursable under federal rules and regulations.

130.    By virtue of the conduct described above, Defendants knowingly presented, or caused to be presented, false or fraudulent claims for payment or approval to the United States, in violation of federal law.

131.    By virtue of the conduct described above, Defendants knowingly made, used, or caused to be made or used, false records or statements to induce the United States to pay or approve false or fraudulent claims, and/or that were material to such false or fraudulent claims, in violation of federal law.

132.    The United States – unaware of the falsity of the records, statements, and claims (i) made, used, or presented, or (ii) caused to be made, used, or presented, by Defendants – paid and continues to pay claims that would not be paid but for Defendants' conduct as alleged herein.

133.    By reason of Defendants' conduct, the United States has been damaged, and continues to be damaged, in a substantial amount to be determined at trial.

134.    Pursuant to federal law, the United States is entitled to three times the amount of actual damages; plus the maximum penalty of $21,563, for each and every false or fraudulent claim, record, or statement (i) that was made, used, or presented, or

(ii) that was caused to be made, used, or presented, by Defendants after November 2, 2015, as alleged herein.

135.   In addition, Relator is entitled to his costs of suit and attorneys' fees incurred in bringing this action.  And, as provided by federal law, Relator is entitled to a "relator's share" of any recovery obtained by the United States as a result of this claim.

**COUNT II**
Federal False Claims Act
31 U.S.C. § 3729, *et seq.*
False Claims Based on Illegal Kickbacks

136.   Relator repeats and realleges all of the allegations set forth in Paragraphs 1 through 135 as if set forth fully herein.

137.   This is a claim for treble damages and penalties against Defendants under the Federal False Claims Act, 31 U.S.C. § 3729, *et seq.*

138.   As described above, Defendants offered and/or provided unlawful financial inducements to their Government Health Care Program (*e.g.*, Medicare and Medicaid) customers to induce them to purchase Ocaliva from Intercept in violation of the AKS, 42 U.S.C. § 1320a-7b(b).  Such financial inducements took the form of unlawfully-subsidized copayments.  Defendants thereby paid their Government Health Care Program customers millions of dollars to purchase Ocaliva from Intercept. Consequently, those subsidized copayments were unlawful "kickbacks" paid to patients to induce them to purchase Ocaliva from Intercept.

139.    Furthermore, and as described above, Defendants paid kickbacks to doctors to induce them to write prescriptions for Ocaliva.  Such kickbacks included, without limitation, flights, hotels, meals, speaker's fees, and cash honoraria.

140.    By virtue of the conduct described above, Defendants knowingly presented, or caused to be presented, false or fraudulent claims for payment or approval to the United States, in violation of federal law.

141.    By virtue of the conduct described above, Defendants knowingly made, used, or caused to be made or used, false records or statements to induce the United States to pay or approve false or fraudulent claims, and/or that were material to such false or fraudulent claims, in violation of federal law.

142.    The United States – unaware of the falsity of the records, statements, and claims (i) made, used, or presented, or (ii) caused to be made, used, or presented, by Defendants – paid and continues to pay claims that would not be paid but for Defendants' conduct as alleged herein.

143.    By reason of Defendants' conduct, the United States has been damaged, and continues to be damaged, in a substantial amount to be determined at trial.

144.    Pursuant to federal law, the United States is entitled to three times the amount of actual damages; plus the maximum penalty of $21,563, for each and every false or fraudulent claim, record, or statement (i) that was made, used, or presented, or (ii) that was caused to be made, used, or presented, by Defendants after November 2, 2015, as alleged herein.

145.     In addition, Relator is entitled to his costs of suit and attorneys' fees incurred in bringing this action.  And, as provided by federal law, Relator is entitled to a "relator's share" of any recovery obtained by the United States as a result of this claim.

## CLAIMS ON BEHALF OF THE PLAINTIFF STATES AND THE DISTRICT

### COUNT III
California False Claims Act
Cal. Gov't. Code § 12650, *et seq.*

146.     Relator repeats and realleges the allegations set forth in Paragraphs 1 through 145 as if set forth fully herein.

147.     This is a claim for treble damages and penalties against Defendants under the California False Claims Act, Cal. Gov't. Code § 12650, *et seq.*

148.     By virtue of the conduct described above, Defendants knowingly presented, or caused to be presented, false or fraudulent claims for payment or approval to the State of California, in violation of California law.

149.     By virtue of the conduct described above, Defendants knowingly made, used, or caused to be made or used, false records or statements to induce the State of California to pay or approve false or fraudulent claims, and/or that were material to such false or fraudulent claims, in violation of California law.

150.     The State of California – unaware of the falsity of the records, statements, and claims (i) made, used, or presented, or (ii) caused to be made, used, or presented, by Defendants – paid and continues to pay claims that would not be paid but for Defendants' conduct as alleged herein.

- 49 -

151.    By reason of Defendants' conduct, the State of California has been damaged, and continues to be damaged, in a substantial amount to be determined at trial.

152.    Pursuant to California law, the State of California is entitled to three times the amount of actual damages, plus the maximum penalty of $10,000, for each and every false or fraudulent claim, record, or statement (i) that was made, used, or presented, or (ii) that was caused to be made, used, or presented, by Defendants, as alleged herein.

153.    In addition, Relator is entitled to his costs of suit and attorneys' fees incurred in bringing this action.  And, as provided by California law, Relator is entitled to a "relator's share" of any recovery obtained by the State of California (and/or the federal government) as a result of this claim.

**COUNT IV**
Colorado Medicaid False Claims Act
Col. Rev. Stat. § 25.5-4-303.5, *et seq.*

154.    Relator repeats and realleges the allegations set forth in Paragraphs 1 through 153 as if set forth fully herein.

155.    This is a claim for treble damages and penalties against Defendants under the Colorado Medicaid False Claims Act, Col. Rev. Stat. § 25.5-4-303.5, *et seq.*

156.    By virtue of the conduct described above, Defendants knowingly presented, or caused to be presented, false or fraudulent claims for payment or approval to the State of Colorado, in violation of Colorado law.

157.    By virtue of the conduct described above, Defendants knowingly made, used, or caused to be made or used, false records or statements to induce the State of Colorado to pay or approve false or fraudulent claims, and/or that were material to such false or fraudulent claims, in violation of Colorado law.

158.    The State of Colorado – unaware of the falsity of the records, statements, and claims (i) made, used, or presented, or (ii) caused to be made, used, or presented, by Defendants – paid and continues to pay claims that would not be paid but for Defendants' conduct as alleged herein.

159.    By reason of Defendants' conduct, the State of Colorado has been damaged, and continues to be damaged, in a substantial amount to be determined at trial.

160.    Pursuant to Colorado law, the State of Colorado is entitled to three times the amount of actual damages, plus the maximum penalty of $10,000, for each and every false or fraudulent claim, record, or statement (i) that was made, used, or presented, or (ii) that was caused to be made, used, or presented, by Defendants, as alleged herein.

161.    In addition, Relator is entitled to his costs of suit and attorneys' fees incurred in bringing this action.  And, as provided by Colorado law, Relator is entitled to a "relator's share" of any recovery obtained by the State of Colorado (and/or the federal government) as a result of this claim.

## COUNT V
Connecticut False Claims Act
Conn. Gen. Stat. §17b-301a, *et seq.*

162.    Relator repeats and realleges the allegations set forth in Paragraphs 1 through 161 as if set forth fully herein.

163.    This is a claim for treble damages and penalties against Defendants under the Connecticut False Claims Act, Conn. Gen. Stat. §17b-301a, *et seq.*

164.    By virtue of the conduct described above, Defendants knowingly presented, or caused to be presented, false or fraudulent claims for payment or approval to the State of Connecticut, in violation of Connecticut law.

165.    By virtue of the conduct described above, Defendants knowingly made, used, or caused to be made or used, false records or statements to induce the State of Connecticut to pay or approve false or fraudulent claims, and/or that were material to such false or fraudulent claims, in violation of Connecticut law.

166.    The State of Connecticut – unaware of the falsity of the records, statements, and claims (i) made, used, or presented, or (ii) caused to be made, used, or presented, by Defendants – paid and continues to pay claims that would not be paid but for Defendants' conduct as alleged herein.

167.    By reason of Defendants' conduct, the State of Connecticut has been damaged, and continues to be damaged, in a substantial amount to be determined at trial.

168.    Pursuant to Connecticut law, the State of Connecticut is entitled to three times the amount of actual damages, plus the maximum penalty of $10,000, for each

and every false or fraudulent claim, record, or statement (i) that was made, used, or presented, or (ii) that was caused to be made, used, or presented, by Defendants, as alleged herein.

169.    In addition, Relator is entitled to his costs of suit and attorneys' fees incurred in bringing this action.  And, as provided by Connecticut law, Relator is entitled to a "relator's share" of any recovery obtained by the State of Connecticut (and/or the federal government) as a result of this claim.

**COUNT VI**
Delaware False Claims and False Reporting Act
6 Del. C. § 1201, *et seq.*

170.    Relator repeats and realleges the allegations set forth in Paragraphs 1 through 169 as if set forth fully herein.

171.    This is a claim for treble damages and penalties against Defendants under the Delaware False Claims and False Reporting Act, 6 Del. C. § 1201, *et seq.*

172.    By virtue of the conduct described above, Defendants knowingly presented, or caused to be presented, false or fraudulent claims for payment or approval to the State of Delaware, in violation of Delaware law.

173.    By virtue of the conduct described above, Defendants knowingly made, used, or caused to be made or used, false records or statements to induce the State of Delaware to pay or approve false or fraudulent claims, and/or that were material to such false or fraudulent claims, in violation of Delaware law.

174.    The State of Delaware – unaware of the falsity of the records, statements, and claims (i) made, used, or presented, or (ii) caused to be made, used, or presented,

- 53 -

by Defendants – paid and continues to pay claims that would not be paid but for Defendants' conduct as alleged herein.

175.    By reason of Defendants' conduct, the State of Delaware has been damaged, and continues to be damaged, in a substantial amount to be determined at trial.

176.    Pursuant to Delaware law, the State of Delaware is entitled to three times the amount of actual damages, plus the maximum penalty of $11,000, for each and every false or fraudulent claim, record, or statement (i) that was made, used, or presented, or (ii) that was caused to be made, used, or presented, by Defendants, as alleged herein.

177.    In addition, Relator is entitled to his costs of suit and attorneys' fees incurred in bringing this action.  And, as provided by Delaware law, Relator is entitled to a "relator's share" of any recovery obtained by the State of Delaware (and/or the federal government) as a result of this claim.

## COUNT VII
District of Columbia Procurement Act
D.C. Code § 2-308.13, *et seq.*

178.    Relator repeats and realleges the allegations set forth in Paragraphs 1 through 177 as if set forth fully herein.

179.    This is a claim for treble damages and penalties against Defendants under the District of Columbia Procurement Act, D.C. Code § 2-308.13, *et seq.*

180.    By virtue of the conduct described above, Defendants knowingly presented, or caused to be presented, false or fraudulent claims for payment or approval to the District of Columbia, in violation of District of Columbia law.

181.    By virtue of the conduct described above, Defendants knowingly made, used, or caused to be made or used, false records or statements to induce the District of Columbia to pay or approve false or fraudulent claims, and/or that were material to such false or fraudulent claims, in violation of District of Columbia law.

182.    The District of Columbia – unaware of the falsity of the records, statements, and claims (i) made, used, or presented, or (ii) caused to be made, used, or presented, by Defendants – paid and continues to pay claims that would not be paid but for Defendants' conduct as alleged herein.

183.    By reason of Defendants' conduct, the District of Columbia has been damaged, and continues to be damaged, in a substantial amount to be determined at trial.

184.    Pursuant to District of Columbia law, the District of Columbia is entitled to three times the amount of actual damages, plus the maximum penalty of $10,000, for each and every false or fraudulent claim, record, or statement (i) that was made, used, or presented, or (ii) that was caused to be made, used, or presented, by Defendants, as alleged herein.

185.    In addition, Relator is entitled to his costs of suit and attorneys' fees incurred in bringing this action.  And, as provided by District of Columbia law, Relator

is entitled to a "relator's share" of any recovery obtained by the District of Columbia (and/or the federal government) as a result of this claim.

## COUNT VIII
### Florida False Claims Act
### Fla. Stat. Ann. § 68.081, *et seq.*

186.    Relator repeats and realleges the allegations set forth in Paragraphs 1 through 185 as if set forth fully herein.

187.    This is a claim for treble damages and penalties against Defendants under the Florida False Claims Act, Fla. Stat. Ann. § 68.081, *et seq.*

188.    By virtue of the conduct described above, Defendants knowingly presented, or caused to be presented, false or fraudulent claims for payment or approval to the State of Florida, in violation of Florida law.

189.    By virtue of the conduct described above, Defendants knowingly made, used, or caused to be made or used, false records or statements to induce the State of Florida to pay or approve false or fraudulent claims, and/or that were material to such false or fraudulent claims, in violation of Florida law.

190.    The State of Florida – unaware of the falsity of the records, statements, and claims (i) made, used, or presented, or (ii) caused to be made, used, or presented, by Defendants – paid and continues to pay claims that would not be paid but for Defendants' conduct as alleged herein.

191.    By reason of Defendants' conduct, the State of Florida has been damaged, and continues to be damaged, in a substantial amount to be determined at trial.

192.    Pursuant to Florida law, the State of Florida is entitled to three times the amount of actual damages, plus the maximum penalty of $11,000, for each and every false or fraudulent claim, record, or statement (i) that was made, used, or presented, or (ii) that was caused to be made, used, or presented, by Defendants, as alleged herein.

193.    In addition, Relator is entitled to his costs of suit and attorneys' fees incurred in bringing this action.  And, as provided by Florida law, Relator is entitled to a "relator's share" of any recovery obtained by the State of Florida (and/or the federal government) as a result of this claim.

## COUNT IX
### Georgia False Medicaid Claims Act
### Ga. Code Ann. § 49-4-168, *et seq.*

194.    Relator repeats and realleges the allegations set forth in paragraphs 1 through 193 as if fully set forth herein.

195.    This is a claim for treble damages and penalties against Defendants under the Georgia False Medicaid Claims Act, Ga. Code Ann. § 49-4-168, *et seq.*

196.    By virtue of the conduct described above, Defendants knowingly presented, or caused to be presented, false or fraudulent claims for payment or approval to the State of Georgia, in violation of Georgia law.

197.    By virtue of the conduct described above, Defendants knowingly made, used, or caused to be made or used, false records or statements to induce the State of Georgia to pay or approve false or fraudulent claims, and/or that were material to such false or fraudulent claims, in violation of Georgia law.

198.    The State of Georgia – unaware of the falsity of the records, statements, and claims (i) made, used, or presented, or (ii) caused to be made, used, or presented, by Defendants – paid and continues to pay claims that would not be paid but for Defendants' conduct as alleged herein.

199.    By reason of Defendants' conduct, the State of Georgia has been damaged, and continues to be damaged, in a substantial amount to be determined at trial.

200.    Pursuant to Georgia law, the State of Georgia is entitled to three times the amount of actual damages, plus the maximum penalty of $11,000, for each and every false or fraudulent claim, record, or statement (i) that was made, used, or presented, or (ii) that was caused to be made, used, or presented, by Defendants, as alleged herein.

201.    In addition, Relator is entitled to his costs of suit and attorneys' fees incurred in bringing this action.  And, as provided by Georgia law, Relator is entitled to a "relator's share" of any recovery obtained by the State of Georgia (and/or the federal government) as a result of this claim.

## COUNT X
### Hawaii False Claims Act
### Haw. Rev. Stat. § 661-21, *et seq.*

202.    Relator repeats and realleges the allegations set forth in Paragraphs 1 through 201 as if set forth fully herein.

203.    This is a claim for treble damages and penalties against Defendants under the Hawaii False Claims Act, Haw. Rev. Stat. § 661-21, *et seq.*

204.    By virtue of the conduct described above, Defendants knowingly presented, or caused to be presented, false or fraudulent claims for payment or approval to the State of Hawaii, in violation of Hawaii law.

205.    By virtue of the conduct described above, Defendants knowingly made, used, or caused to be made or used, false records or statements to induce the State of Hawaii to pay or approve false or fraudulent claims, and/or that were material to such false or fraudulent claims, in violation of Hawaii law.

206.    The State of Hawaii – unaware of the falsity of the records, statements, and claims (i) made, used, or presented, or (ii) caused to be made, used, or presented, by Defendants – paid and continues to pay claims that would not be paid but for Defendants' conduct as alleged herein.

207.    By reason of Defendants' conduct, the State of Hawaii has been damaged, and continues to be damaged, in a substantial amount to be determined at trial.

208.    Pursuant to Hawaii law, the State of Hawaii is entitled to three times the amount of actual damages, plus the maximum penalty of $10,000, for each and every false or fraudulent claim, record, or statement (i) that was made, used, or presented, or (ii) that was caused to be made, used, or presented, by Defendants, as alleged herein.

209.    In addition, Relator is entitled to his costs of suit and attorneys' fees incurred in bringing this action.  And, as provided by Hawaii law, Relator is entitled to a "relator's share" of any recovery obtained by the State of Hawaii (and/or the federal government) as a result of this claim.

## COUNT XI
Illinois Whistleblower Reward and Protection Act
740 Ill. Comp. Stat. § 175/1, *et seq.*

210. Relator repeats and realleges the allegations set forth in Paragraphs 1 through 209 as if set forth fully herein.

211. This is a claim for treble damages and penalties against Defendants under the Illinois Whistleblower Reward and Protection Act, 740 Ill. Comp. Stat. § 175/1, *et seq.*

212. By virtue of the conduct described above, Defendants knowingly presented, or caused to be presented, false or fraudulent claims for payment or approval to the State of Illinois, in violation of Illinois law.

213. By virtue of the conduct described above, Defendants knowingly made, used, or caused to be made or used, false records or statements to induce the State of Illinois to pay or approve false or fraudulent claims, and/or that were material to such false or fraudulent claims, in violation of Illinois law.

214. The State of Illinois – unaware of the falsity of the records, statements, and claims (i) made, used, or presented, or (ii) caused to be made, used, or presented, by Defendants – paid and continues to pay claims that would not be paid but for Defendants' conduct as alleged herein.

215. By reason of Defendants' conduct, the State of Illinois has been damaged, and continues to be damaged, in a substantial amount to be determined at trial.

216. Pursuant to Illinois law, the State of Illinois is entitled to three times the amount of actual damages, plus the maximum penalty of $11,000, for each and every

false or fraudulent claim, record, or statement (i) that was made, used, or presented, or (ii) that was caused to be made, used, or presented, by Defendants, as alleged herein.

217. In addition, Relator is entitled to his costs of suit and attorneys' fees incurred in bringing this action. And, as provided by Illinois law, Relator is entitled to a "relator's share" of any recovery obtained by the State of Illinois (and/or the federal government) as a result of this claim.

**COUNT XII**
Indiana False Claims and Whistleblower Protection Act
Ind. Code Ann. § 5-11-5.5-1, *et seq.*

218. Relator repeats and realleges the allegations set forth in Paragraphs 1 through 217 as if set forth fully herein.

219. This is a claim for treble damages and penalties against Defendants under the Indiana False Claims and Whistleblower Protection Act, Ind. Code Ann. § 5-11-5.5-1, *et seq.*

220. By virtue of the conduct described above, Defendants knowingly presented, or caused to be presented, false or fraudulent claims for payment or approval to the State of Indiana, in violation of Indiana law.

221. By virtue of the conduct described above, Defendants knowingly made, used, or caused to be made or used, false records or statements to induce the State of Indiana to pay or approve false or fraudulent claims, and/or that were material to such false or fraudulent claims, in violation of Indiana law.

222. The State of Indiana – unaware of the falsity of the records, statements, and claims (i) made, used, or presented, or (ii) caused to be made, used, or presented,

by Defendants – paid and continues to pay claims that would not be paid but for Defendants' conduct as alleged herein.

223.     By reason of Defendants' conduct, the State of Indiana has been damaged, and continues to be damaged, in a substantial amount to be determined at trial.

224.     Pursuant to Indiana law, the State of Indiana is entitled to three times the amount of actual damages, plus the maximum penalty of $5,000, for each and every false or fraudulent claim, record, or statement (i) that was made, used, or presented, or (ii) that was caused to be made, used, or presented, by Defendants, as alleged herein.

225.     In addition, Relator is entitled to his costs of suit and attorneys' fees incurred in bringing this action.  And, as provided by Indiana law, Relator is entitled to a "relator's share" of any recovery obtained by the State of Indiana (and/or the federal government) as a result of this claim.

## COUNT XIII
Iowa Medicaid False Claims Act
Iowa Code § 685, *et seq.*

226.     Relator repeats and realleges the allegations set forth in Paragraphs 1 through 225 as if set forth fully herein.

227.     This is a claim for treble damages and penalties against Defendants under the Iowa Medicaid False Claims Act, Iowa Code § 685, *et seq.*

228.     By virtue of the conduct described above, Defendants knowingly presented, or caused to be presented, false or fraudulent claims for payment or approval to the State of Iowa, in violation of Iowa law.

229.     By virtue of the conduct described above, Defendants knowingly made, used, or caused to be made or used, false records or statements to induce the State of Iowa to pay or approve false or fraudulent claims, and/or that were material to such false or fraudulent claims, in violation of Iowa law.

230.     The State of Iowa – unaware of the falsity of the records, statements, and claims (i) made, used, or presented, or (ii) caused to be made, used, or presented, by Defendants – paid and continues to pay claims that would not be paid but for Defendants' conduct as alleged herein.

231.     By reason of Defendants' conduct, the State of Iowa has been damaged, and continues to be damaged, in a substantial amount to be determined at trial.

232.     Pursuant to Iowa law, the State of Iowa is entitled to three times the amount of actual damages, plus the maximum penalty of $10,000, for each and every false or fraudulent claim, record, or statement (i) that was made, used, or presented, or (ii) that was caused to be made, used, or presented, by Defendants, as alleged herein.

233.     In addition, Relator is entitled to his costs of suit and attorneys' fees incurred in bringing this action.  And, as provided by Iowa law, Relator is entitled to a "relator's share" of any recovery obtained by the State of Iowa (and/or the federal government) as a result of this claim.

### COUNT XIV
Louisiana Medical Assistance Programs Integrity Law
46 La. Rev. Stat., ch. 3 § 437.1, *et seq.*

234.     Relator repeats and realleges the allegations set forth in Paragraphs 1 through 233 as if set forth fully herein.

235.    This is a claim for treble damages and penalties against Defendants under the Louisiana Medical Assistance Programs Integrity Law, 46 La. Rev. Stat., ch. 3 § 437.1, *et seq.*

236.    By virtue of the conduct described above, Defendants knowingly presented, or caused to be presented, false or fraudulent claims for payment or approval to the State of Louisiana, in violation of Louisiana law.

237.    By virtue of the conduct described above, Defendants knowingly made, used, or caused to be made or used, false records or statements to induce the State of Louisiana to pay or approve false or fraudulent claims, and/or that were material to such false or fraudulent claims, in violation of Louisiana law.

238.    The State of Louisiana – unaware of the falsity of the records, statements, and claims (i) made, used, or presented, or (ii) caused to be made, used, or presented, by Defendants – paid and continues to pay claims that would not be paid but for Defendants' conduct as alleged herein.

239.    By reason of Defendants' conduct, the State of Louisiana has been damaged, and continues to be damaged, in a substantial amount to be determined at trial.

240.    Pursuant to Louisiana law, the State of Louisiana is entitled to three times the amount of actual damages, plus the maximum penalty of $10,000, for each and every false or fraudulent claim, record, or statement (i) that was made, used, or presented, or (ii) that was caused to be made, used, or presented, by Defendants, as alleged herein.

- 64 -

241.   In addition, Relator is entitled to his costs of suit and attorneys' fees incurred in bringing this action.  And, as provided by Louisiana law, Relator is entitled to a "relator's share" of any recovery obtained by the State of Louisiana (and/or the federal government) as a result of this claim.

## COUNT XV
Maryland False Health Claims Act
Md. Code Ann., Health-Gen. § 2-601, *et seq.*

242.   Relator repeats and realleges the allegations set forth in Paragraphs 1 through 241 as if set forth fully herein.

243.   This is a claim for treble damages and penalties against Defendants under the Maryland False Health Claims Act, Md. Code Ann., Health-Gen. § 2-601, *et seq.*

244.   By virtue of the conduct described above, Defendants knowingly presented, or caused to be presented, false or fraudulent claims for payment or approval to the State of Maryland, in violation of Maryland law.

245.   By virtue of the conduct described above, Defendants knowingly made, used, or caused to be made or used, false records or statements to induce the State of Maryland to pay or approve false or fraudulent claims, and/or that were material to such false or fraudulent claims, in violation of Maryland law.

246.   The State of Maryland – unaware of the falsity of the records, statements, and claims (i) made, used, or presented, or (ii) caused to be made, used, or presented, by Defendants – paid and continues to pay claims that would not be paid but for Defendants' conduct as alleged herein.

- 65 -

247.    By reason of Defendants' conduct, the State of Maryland has been damaged, and continues to be damaged, in a substantial amount to be determined at trial.

248.    Pursuant to Maryland law, the State of Maryland is entitled to three times the amount of actual damages, plus the maximum penalty of $10,000, for each and every false or fraudulent claim, record, or statement (i) that was made, used, or presented, or (ii) that was caused to be made, used, or presented, by Defendants, as alleged herein.

249.    In addition, Relator is entitled to his costs of suit and attorneys' fees incurred in bringing this action.  And, as provided by Maryland law, Relator is entitled to a "relator's share" of any recovery obtained by the State of Maryland (and/or the federal government) as a result of this claim.

### COUNT XVI
Massachusetts False Claims Law
Mass. Gen. Laws, ch. 12 § 5A, *et seq.*

250.    Relator repeats and realleges the allegations set forth in Paragraphs 1 through 249 as if set forth fully herein.

251.    This is a claim for treble damages and penalties against Defendants under the Massachusetts False Claims Law, Mass. Gen. Laws, ch. 12 § 5A, *et seq.*

252.    By virtue of the conduct described above, Defendants knowingly presented, or caused to be presented, false or fraudulent claims for payment or approval to the Commonwealth of Massachusetts, in violation of Massachusetts law.

253.    By virtue of the conduct described above, Defendants knowingly made, used, or caused to be made or used, false records or statements to induce the Commonwealth of Massachusetts to pay or approve false or fraudulent claims, and/or that were material to such false or fraudulent claims, in violation of Massachusetts law.

254.    The Commonwealth of Massachusetts – unaware of the falsity of the records, statements, and claims (i) made, used, or presented, or (ii) caused to be made, used, or presented, by Defendants – paid and continues to pay claims that would not be paid but for Defendants' conduct as alleged herein.

255.    By reason of Defendants' conduct, the Commonwealth of Massachusetts has been damaged, and continues to be damaged, in a substantial amount to be determined at trial.

256.    Pursuant to Massachusetts law, the Commonwealth of Massachusetts is entitled to three times the amount of actual damages, plus the maximum penalty of $10,000, for each and every false or fraudulent claim, record, or statement (i) that was made, used, or presented, or (ii) that was caused to be made, used, or presented, by Defendants, as alleged herein.

257.    In addition, Relator is entitled to his costs of suit and attorneys' fees incurred in bringing this action.  And, as provided by Massachusetts law, Relator is entitled to a "relator's share" of any recovery obtained by the Commonwealth of Massachusetts (and/or the federal government) as a result of this claim.

**COUNT XVII**
Michigan Medicaid False Claim Act
Mich. Comp. Laws § 400.601, *et seq.*

258.     Relator repeats and realleges the allegations set forth in paragraphs 1 through 257 as if fully set forth herein.

259.     This is a claim for treble damages and penalties against Defendants under the Michigan Medicaid False Claims Act, Mich. Comp. Laws § 400.601, *et seq.*

260.     By virtue of the conduct described above, Defendants knowingly presented, or caused to be presented, false or fraudulent claims for payment or approval to the State of Michigan, in violation of Michigan law.

261.     By virtue of the conduct described above, Defendants knowingly made, used, or caused to be made or used, false records or statements to induce the State of Michigan to pay or approve false or fraudulent claims, and/or that were material to such false or fraudulent claims, in violation of Michigan law.

262.     The State of Michigan – unaware of the falsity of the records, statements, and claims (i) made, used, or presented, or (ii) caused to be made, used, or presented, by Defendants – paid and continues to pay claims that would not be paid but for Defendants' conduct as alleged herein.

263.     By reason of Defendants' conduct, the State of Michigan has been damaged, and continues to be damaged, in a substantial amount to be determined at trial.

264.     Pursuant to Michigan law, the State of Michigan is entitled to three times the amount of actual damages, plus the maximum penalty of $10,000, for each and

- 68 -

every false or fraudulent claim, record, or statement (i) that was made, used, or presented, or (ii) that was caused to be made, used, or presented, by Defendants, as alleged herein.

265.    In addition, Relator is entitled to his costs of suit and attorneys' fees incurred in bringing this action.  And, as provided by Michigan law, Relator is entitled to a "relator's share" of any recovery obtained by the State of Michigan (and/or the federal government) as a result of this claim.

### COUNT XVIII
Minnesota False Claims Act
Minn. Stat. § 15C.01, *et seq.*

266.    Relator repeats and realleges the allegations set forth in paragraphs 1 through 265 as if fully set forth herein.

267.    This is a claim for treble damages and penalties against Defendants under the Minnesota False Claims Act, Minn. Stat. § 15C.01, *et seq.*

268.    By virtue of the conduct described above, Defendants knowingly presented, or caused to be presented, false or fraudulent claims for payment or approval to the State of Minnesota, in violation of Minnesota law.

269.    By virtue of the conduct described above, Defendants knowingly made, used, or caused to be made or used, false records or statements to induce the State of Minnesota to pay or approve false or fraudulent claims, and/or that were material to such false or fraudulent claims, in violation of Minnesota law.

270.    The State of Minnesota – unaware of the falsity of the records, statements, and claims (i) made, used, or presented, or (ii) caused to be made, used, or presented,

- 69 -

by Defendants – paid and continues to pay claims that would not be paid but for Defendants' conduct as alleged herein.

271.    By reason of Defendants' conduct, the State of Minnesota has been damaged, and continues to be damaged, in a substantial amount to be determined at trial.

272.    Pursuant to Minnesota law, the State of Minnesota is entitled to three times the amount of actual damages, plus the maximum penalty of $11,000, for each and every false or fraudulent claim, record, or statement (i) that was made, used, or presented, or (ii) that was caused to be made, used, or presented, by Defendants, as alleged herein.

273.    In addition, Relator is entitled to his costs of suit and attorneys' fees incurred in bringing this action.  And, as provided by Minnesota law, Relator is entitled to a "relator's share" of any recovery obtained by the State of Minnesota (and/or the federal government) as a result of this claim.

## COUNT XIX
### Montana False Claims Act
Mont. Code Ann. § 17-8-401, *et. seq.*

274.    Relator repeats and realleges the allegations set forth in Paragraphs 1 through 273 as if set forth fully herein.

275.    This is a claim for treble damages and penalties against Defendants under the Montana False Claims Act, Mont. Code Ann. § 17-8-401, *et seq.*

- 70 -

276.     By virtue of the conduct described above, Defendants knowingly presented, or caused to be presented, false or fraudulent claims for payment or approval to the State of Montana, in violation of Montana law.

277.     By virtue of the conduct described above, Defendants knowingly made, used, or caused to be made or used, false records or statements to induce the State of Montana to pay or approve false or fraudulent claims, and/or that were material to such false or fraudulent claims, in violation of Montana law.

278.     The State of Montana – unaware of the falsity of the records, statements, and claims (i) made, used, or presented, or (ii) caused to be made, used, or presented, by Defendants – paid and continues to pay claims that would not be paid but for Defendants' conduct as alleged herein.

279.     By reason of Defendants' conduct, the State of Montana has been damaged, and continues to be damaged, in a substantial amount to be determined at trial.

280.     Pursuant to Montana law, the State of Montana is entitled to three times the amount of actual damages, plus the maximum penalty of $10,000, for each and every false or fraudulent claim, record, or statement (i) that was made, used, or presented, or (ii) that was caused to be made, used, or presented, by Defendants, as alleged herein.

281.     In addition, Relator is entitled to his costs of suit and attorneys' fees incurred in bringing this action.  And, as provided by Montana law, Relator is entitled

to a "relator's share" of any recovery obtained by the State of Montana (and/or the federal government) as a result of this claim.

## COUNT XX
Nevada False Claims Act
Nev. Rev. Stat. Ann. § 357.010, *et seq.*

282.    Relator repeats and realleges the allegations set forth in Paragraphs 1 through 281 as if set forth fully herein.

283.    This is a claim for treble damages and penalties against Defendants under the Nevada False Claims Act, Nev. Rev. Stat. Ann. § 357.010, *et seq.*

284.    By virtue of the conduct described above, Defendants knowingly presented, or caused to be presented, false or fraudulent claims for payment or approval to the State of Nevada, in violation of Nevada law.

285.    By virtue of the conduct described above, Defendants knowingly made, used, or caused to be made or used, false records or statements to induce the State of Nevada to pay or approve false or fraudulent claims, and/or that were material to such false or fraudulent claims, in violation of Nevada law.

286.    The State of Nevada – unaware of the falsity of the records, statements, and claims (i) made, used, or presented, or (ii) caused to be made, used, or presented, by Defendants – paid and continues to pay claims that would not be paid but for Defendants' conduct as alleged herein.

287.    By reason of Defendants' conduct, the State of Nevada has been damaged, and continues to be damaged, in a substantial amount to be determined at trial.

288. Pursuant to Nevada law, the State of Nevada is entitled to three times the amount of actual damages, plus the maximum penalty of $10,000, for each and every false or fraudulent claim, record, or statement (i) that was made, used, or presented, or (ii) that was caused to be made, used, or presented, by Defendants, as alleged herein.

289. In addition, Relator is entitled to his costs of suit and attorneys' fees incurred in bringing this action. And, as provided by Nevada law, Relator is entitled to a "relator's share" of any recovery obtained by the State of Nevada (and/or the federal government) as a result of this claim.

**COUNT XXI**
New Jersey False Claims Act
N.J. Stat. Ann. § 2A:32C-1, *et seq.*

290. Relator repeats and realleges the allegations set forth in Paragraphs 1 through 289 as if set forth fully herein.

291. This is a claim for treble damages and penalties against Defendants under the New Jersey False Claims Act, N.J. Stat. Ann. § 2A:32C-1, *et seq.*

292. By virtue of the conduct described above, Defendants knowingly presented, or caused to be presented, false or fraudulent claims for payment or approval to the State of New Jersey, in violation of New Jersey law.

293. By virtue of the conduct described above, Defendants knowingly made, used, or caused to be made or used, false records or statements to induce the State of New Jersey to pay or approve false or fraudulent claims, and/or that were material to such false or fraudulent claims, in violation of New Jersey law.

294.   The State of New Jersey – unaware of the falsity of the records, statements, and claims (i) made, used, or presented, or (ii) caused to be made, used, or presented, by Defendants – paid and continues to pay claims that would not be paid but for Defendants' conduct as alleged herein.

295.   By reason of Defendants' conduct, the State of New Jersey has been damaged, and continues to be damaged, in a substantial amount to be determined at trial.

296.   Pursuant to New Jersey law, the State of New Jersey is entitled to three times the amount of actual damages, plus the maximum penalty of $10,000, for each and every false or fraudulent claim, record, or statement (i) that was made, used, or presented, or (ii) that was caused to be made, used, or presented, by Defendants, as alleged herein.

297.   In addition, Relator is entitled to his costs of suit and attorneys' fees incurred in bringing this action.  And, as provided by New Jersey law, Relator is entitled to a "relator's share" of any recovery obtained by the State of New Jersey (and/or the federal government) as a result of this claim.

**COUNT XXII**
New Mexico Medicaid False Claims Act
N.M. Stat. Ann. § 27-14-1, *et seq.*

298.   Relator repeats and realleges the allegations set forth in Paragraphs 1 through 297 as if set forth fully herein.

299. This is a claim for treble damages and penalties against Defendants under the New Mexico Medicaid False Claims Act, N.M. Stat. Ann. § 27-14-1, *et seq.*

300. By virtue of the conduct described above, Defendants knowingly presented, or caused to be presented, false or fraudulent claims for payment or approval to the State of New Mexico, in violation of New Mexico law.

301. By virtue of the conduct described above, Defendants knowingly made, used, or caused to be made or used, false records or statements to induce the State of New Mexico to pay or approve false or fraudulent claims, and/or that were material to such false or fraudulent claims, in violation of New Mexico law.

302. The State of New Mexico – unaware of the falsity of the records, statements, and claims (i) made, used, or presented, or (ii) caused to be made, used, or presented, by Defendants – paid and continues to pay claims that would not be paid but for Defendants' conduct as alleged herein.

303. By reason of Defendants' conduct, the State of New Mexico has been damaged, and continues to be damaged, in a substantial amount to be determined at trial.

304. Pursuant to New Mexico law, the State of New Mexico is entitled to three times the amount of actual damages, plus the maximum penalty of $10,000, for each and every false or fraudulent claim, record, or statement (i) that was made, used, or presented, or (ii) that was caused to be made, used, or presented, by Defendants, as alleged herein.

305.     In addition, Relator is entitled to his costs of suit and attorneys' fees incurred in bringing this action.  And, as provided by New Mexico law, Relator is entitled to a "relator's share" of any recovery obtained by the State of New Mexico (and/or the federal government) as a result of this claim.

**COUNT XXIII**
New York False Claims Act
N.Y. Fin. Law § 187, *et seq.*

306.     Relator repeats and realleges the allegations set forth in Paragraphs 1 through 305 as if set forth fully herein.

307.     This is a claim for treble damages and penalties against Defendants under the New York False Claims Act, N.Y. Fin. Law § 187, *et seq.*

308.     By virtue of the conduct described above, Defendants knowingly presented, or caused to be presented, false or fraudulent claims for payment or approval to the State of New York, in violation of New York law.

309.     By virtue of the conduct described above, Defendants knowingly made, used, or caused to be made or used, false records or statements to induce the State of New York to pay or approve false or fraudulent claims, and/or that were material to such false or fraudulent claims, in violation of New York law.

310.     The State of New York – unaware of the falsity of the records, statements, and claims (i) made, used, or presented, or (ii) caused to be made, used, or presented, by Defendants – paid and continues to pay claims that would not be paid but for Defendants' conduct as alleged herein.

311.    By reason of Defendants' conduct, the State of New York has been damaged, and continues to be damaged, in a substantial amount to be determined at trial.

312.    Pursuant to New York law, the State of New York is entitled to three times the amount of actual damages, plus the maximum penalty of $10,000, for each and every false or fraudulent claim, record, or statement (i) that was made, used, or presented, or (ii) that was caused to be made, used, or presented, by Defendants, as alleged herein.

313.    In addition, Relator is entitled to his costs of suit and attorneys' fees incurred in bringing this action.  And, as provided by New York law, Relator is entitled to a "relator's share" of any recovery obtained by the State of New York (and/or the federal government) as a result of this claim.

**COUNT XXIV**
North Carolina False Claims Act
N.C. Gen. Stat. § 1-605, *et seq.*

314.    Relator repeats and realleges the allegations set forth in paragraphs 1 through 313 as if fully set forth herein.

315.    This is a claim for treble damages and penalties against Defendants under the North Carolina False Claims Act, N.C. Gen. Stat. § 1-605, *et seq.*

316.    By virtue of the conduct described above, Defendants knowingly presented, or caused to be presented, false or fraudulent claims for payment or approval to the State of North Carolina, in violation of North Carolina law.

317.    By virtue of the conduct described above, Defendants knowingly made, used, or caused to be made or used, false records or statements to induce the State of North Carolina to pay or approve false or fraudulent claims, and/or that were material to such false or fraudulent claims, in violation of North Carolina law.

318.    The State of North Carolina – unaware of the falsity of the records, statements, and claims (i) made, used, or presented, or (ii) caused to be made, used, or presented, by Defendants – paid and continues to pay claims that would not be paid but for Defendants' conduct as alleged herein.

319.    By reason of Defendants' conduct, the State of North Carolina has been damaged, and continues to be damaged, in a substantial amount to be determined at trial.

320.    Pursuant to North Carolina law, the State of North Carolina is entitled to three times the amount of actual damages, plus the maximum penalty of $11,000, for each and every false or fraudulent claim, record, or statement (i) that was made, used, or presented, or (ii) that was caused to be made, used, or presented, by Defendants, as alleged herein.

321.    In addition, Relator is entitled to his costs of suit and attorneys' fees incurred in bringing this action.  And, as provided by North Carolina law, Relator is entitled to a "relator's share" of any recovery obtained by the State of North Carolina (and/or the federal government) as a result of this claim.

## COUNT XXV
### Oklahoma Medicaid False Claims Act
Okla. Stat., tit. 63 § 5053, *et seq.*

322.   Relator repeats and realleges the allegations set forth in paragraphs 1 through 321 as if fully set forth herein.

323.   This is a claim for treble damages and penalties against Defendants under the Oklahoma Medicaid False Claims Act, Okla. Stat., tit. 63 § 5053, *et seq.*

324.   By virtue of the conduct described above, Defendants knowingly presented, or caused to be presented, false or fraudulent claims for payment or approval to the State of Oklahoma, in violation of Oklahoma law.

325.   By virtue of the conduct described above, Defendants knowingly made, used, or caused to be made or used, false records or statements to induce the State of Oklahoma to pay or approve false or fraudulent claims, and/or that were material to such false or fraudulent claims, in violation of Oklahoma law.

326.   The State of Oklahoma – unaware of the falsity of the records, statements, and claims (i) made, used, or presented, or (ii) caused to be made, used, or presented, by Defendants – paid and continues to pay claims that would not be paid but for Defendants' conduct as alleged herein.

327.   By reason of Defendants' conduct, the State of Oklahoma has been damaged, and continues to be damaged, in a substantial amount to be determined at trial.

328.   Pursuant to Oklahoma law, the State of Oklahoma is entitled to three times the amount of actual damages, plus the maximum penalty of $10,000, for each

and every false or fraudulent claim, record, or statement (i) that was made, used, or presented, or (ii) that was caused to be made, used, or presented, by Defendants, as alleged herein.

329.     In addition, Relator is entitled to his costs of suit and attorneys' fees incurred in bringing this action.  And, as provided by Oklahoma law, Relator is entitled to a "relator's share" of any recovery obtained by the State of Oklahoma (and/or the federal government) as a result of this claim.

### COUNT XXVI
Rhode Island False Claims Act
R.I. Gen. Laws § 9-1.1-1, *et seq.*

330.     Relator repeats and realleges the allegations set forth in Paragraphs 1 through 329 as if set forth fully herein.

331.     This is a claim for treble damages and penalties against Defendants under the Rhode Island False Claims Act, R.I. Gen. Laws § 9-1.1-1, *et seq.*

332.     By virtue of the conduct described above, Defendants knowingly presented, or caused to be presented, false or fraudulent claims for payment or approval to the State of Rhode Island, in violation of Rhode Island law.

333.     By virtue of the conduct described above, Defendants knowingly made, used, or caused to be made or used, false records or statements to induce the State of Rhode Island to pay or approve false or fraudulent claims, and/or that were material to such false or fraudulent claims, in violation of Rhode Island law.

334.     The State of Rhode Island – unaware of the falsity of the records, statements, and claims (i) made, used, or presented, or (ii) caused to be made, used, or

- 80 -

presented, by Defendants – paid and continues to pay claims that would not be paid but for Defendants' conduct as alleged herein.

335.    By reason of Defendants' conduct, the State of Rhode Island has been damaged, and continues to be damaged, in a substantial amount to be determined at trial.

336.    Pursuant to Rhode Island law, the State of Rhode Island is entitled to three times the amount of actual damages, plus the maximum penalty of $10,000, for each and every false or fraudulent claim, record, or statement (i) that was made, used, or presented, or (ii) that was caused to be made, used, or presented, by Defendants, as alleged herein.

337.    In addition, Relator is entitled to his costs of suit and attorneys' fees incurred in bringing this action.  And, as provided by Rhode Island law, Relator is entitled to a "relator's share" of any recovery obtained by the State of Rhode Island (and/or the federal government) as a result of this claim.

## COUNT XXVII
### Tennessee Medicaid False Claims Act
### Tenn. Code Ann. § 71-5-181, *et seq.*

338.    Relator repeats and realleges the allegations set forth in paragraphs 1 through 337 as if fully set forth herein.

339.    This is a claim for treble damages and penalties against Defendants under the Tennessee Medicaid False Claims Act, Tenn. Code Ann. § 71-5-181, *et seq.*

340.    By virtue of the conduct described above, Defendants knowingly presented, or caused to be presented, false or fraudulent claims for payment or approval to the State of Tennessee, in violation of Tennessee law.

341.    By virtue of the conduct described above, Defendants knowingly made, used, or caused to be made or used, false records or statements to induce the State of Tennessee to pay or approve false or fraudulent claims, and/or that were material to such false or fraudulent claims, in violation of Tennessee law.

342.    The State of Tennessee – unaware of the falsity of the records, statements, and claims (i) made, used, or presented, or (ii) caused to be made, used, or presented, by Defendants – paid and continues to pay claims that would not be paid but for Defendants' conduct as alleged herein.

343.    By reason of Defendants' conduct, the State of Tennessee has been damaged, and continues to be damaged, in a substantial amount to be determined at trial.

344.    Pursuant to Tennessee law, the State of Tennessee is entitled to three times the amount of actual damages, plus the maximum penalty of $25,000, for each and every false or fraudulent claim, record, or statement (i) that was made, used, or presented, or (ii) that was caused to be made, used, or presented, by Defendants, as alleged herein.

345.    In addition, Relator is entitled to his costs of suit and attorneys' fees incurred in bringing this action.  And, as provided by Tennessee law, Relator is entitled

to a "relator's share" of any recovery obtained by the State of Tennessee (and/or the federal government) as a result of this claim.

## COUNT XXVIII
Texas Medicaid Fraud Prevention Law
Tex. Hum. Res. Code Ann. § 36.001, *et seq.*

346.    Relator repeats and realleges the allegations set forth in Paragraphs 1 through 345 as if set forth fully herein.

347.    This is a claim for treble damages and penalties against Defendants under the Texas Medicaid Fraud Prevention Law, Tex. Hum. Res. Code Ann. § 36.001, *et seq.*

348.    By virtue of the conduct described above, Defendants knowingly presented, or caused to be presented, false or fraudulent claims for payment or approval to the State of Texas, in violation of Texas law.

349.    By virtue of the conduct described above, Defendants knowingly made, used, or caused to be made or used, false records or statements to induce the State of Texas to pay or approve false or fraudulent claims, and/or that were material to such false or fraudulent claims, in violation of Texas law.

350.    The State of Texas – unaware of the falsity of the records, statements, and claims (i) made, used, or presented, or (ii) caused to be made, used, or presented, by Defendants – paid and continues to pay claims that would not be paid but for Defendants' conduct as alleged herein.

351.    By reason of Defendants' conduct, the State of Texas has been damaged, and continues to be damaged, in a substantial amount to be determined at trial.

352.    Pursuant to Texas law, the State of Texas is entitled to three times the amount of actual damages, plus the maximum penalty of $10,000, for each and every false or fraudulent claim, record, or statement (i) that was made, used, or presented, or (ii) that was caused to be made, used, or presented, by Defendants, as alleged herein.

353.    In addition, Relator is entitled to his costs of suit and attorneys' fees incurred in bringing this action.  And, as provided by Texas law, Relator is entitled to a "relator's share" of any recovery obtained by the State of Texas (and/or the federal government) as a result of this claim.

## COUNT XXIX
Vermont False Claims Act
32 V.S.A., ch. 8 § 630, *et seq.*

354.    Relator repeats and realleges the allegations set forth in Paragraphs 1 through 353 as if set forth fully herein.

355.    This is a claim for treble damages and penalties against Defendants under the Vermont False Claims Act, 32 V.S.A., ch. 8 § 630, *et seq.*

356.    By virtue of the conduct described above, Defendants knowingly presented, or caused to be presented, false or fraudulent claims for payment or approval to the State of Vermont, in violation of Vermont law.

357.    By virtue of the conduct described above, Defendants knowingly made, used, or caused to be made or used, false records or statements to induce the State of Vermont to pay or approve false or fraudulent claims, and/or that were material to such false or fraudulent claims, in violation of Vermont law.

358.    The State of Vermont – unaware of the falsity of the records, statements, and claims (i) made, used, or presented, or (ii) caused to be made, used, or presented, by Defendants – paid and continues to pay claims that would not be paid but for Defendants' conduct as alleged herein.

359.    By reason of Defendants' conduct, the State of Vermont has been damaged, and continues to be damaged, in a substantial amount to be determined at trial.

360.    Pursuant to Vermont law, the State of Vermont is entitled to three times the amount of actual damages, plus the maximum penalty of $11,000, for each and every false or fraudulent claim, record, or statement (i) that was made, used, or presented, or (ii) that was caused to be made, used, or presented, by Defendants, as alleged herein.

361.    In addition, Relator is entitled to his costs of suit and attorneys' fees incurred in bringing this action.  And, as provided by Vermont law, Relator is entitled to a "relator's share" of any recovery obtained by the State of Vermont (and/or the federal government) as a result of this claim.

### COUNT XXX
### Virginia Fraud Against Taxpayers Act
Va. Code Ann. § 8.01-216.1, *et seq.*

362.    Relator repeats and realleges the allegations set forth in Paragraphs 1 through 361 as if set forth fully herein.

363.    This is a claim for treble damages and penalties against Defendants under the Virginia Fraud Against Taxpayers Act, Va. Code Ann. § 8.01-216.1, *et seq.*

- 85 -

364.    By virtue of the conduct described above, Defendants knowingly presented, or caused to be presented, false or fraudulent claims for payment or approval to the Commonwealth of Virginia, in violation of Virginia law.

365.    By virtue of the conduct described above, Defendants knowingly made, used, or caused to be made or used, false records or statements to induce the Commonwealth of Virginia to pay or approve false or fraudulent claims, and/or that were material to such false or fraudulent claims, in violation of Virginia law.

366.    The Commonwealth of Virginia – unaware of the falsity of the records, statements, and claims (i) made, used, or presented, or (ii) caused to be made, used, or presented, by Defendants – paid and continues to pay claims that would not be paid but for Defendants' conduct as alleged herein.

367.    By reason of Defendants' conduct, the Commonwealth of Virginia has been damaged, and continues to be damaged, in a substantial amount to be determined at trial.

368.    Pursuant to Virginia law, the Commonwealth of Virginia is entitled to three times the amount of actual damages, plus the maximum penalty of $11,000, for each and every false or fraudulent claim, record, or statement (i) that was made, used, or presented, or (ii) that was caused to be made, used, or presented, by Defendants, as alleged herein.

369.    In addition, Relator is entitled to his costs of suit and attorneys' fees incurred in bringing this action.  And, as provided by Virginia law, Relator is entitled to

a "relator's share" of any recovery obtained by the Commonwealth of Virginia (and/or the federal government) as a result of this claim.

### COUNT XXXI
Washington Medicaid Fraud False Claims Act
Wash. Rev. Code § 74.66.020, *et seq.*

370.    Relator repeats and realleges the allegations set forth in Paragraphs 1 through 369 as if set forth fully herein.

371.    This is a claim for treble damages and penalties against Defendants under the Washington Medicaid Fraud False Claims Act, Wash. Rev. Code § 74.66.020, *et seq.*

372.    By virtue of the conduct described above, Defendants knowingly presented, or caused to be presented, false or fraudulent claims for payment or approval to the State of Washington, in violation of Washington law.

373.    By virtue of the conduct described above, Defendants knowingly made, used, or caused to be made or used, false records or statements to induce the State of Washington to pay or approve false or fraudulent claims, and/or that were material to such false or fraudulent claims, in violation of Washington law.

374.    The State of Washington – unaware of the falsity of the records, statements, and claims (i) made, used, or presented, or (ii) caused to be made, used, or presented, by Defendants – paid and continues to pay claims that would not be paid but for Defendants' conduct as alleged herein.

375.    By reason of Defendants' conduct, the State of Washington has been damaged, and continues to be damaged, in a substantial amount to be determined at trial.

376.    Pursuant to Washington law, the State of Washington is entitled to three times the amount of actual damages, plus the maximum penalty of $11,000, for each and every false or fraudulent claim, record, or statement (i) that was made, used, or presented, or (ii) that was caused to be made, used, or presented, by Defendants, as alleged herein.

377.    In addition, Relator is entitled to his costs of suit and attorneys' fees incurred in bringing this action.  And, as provided by Washington law, Relator is entitled to a "relator's share" of any recovery obtained by the State of Washington (and/or the federal government) as a result of this claim.

## CONCLUSION

**WHEREFORE,** Plaintiff-Relator John Doe, on behalf of the United States, the Plaintiff States, and the District, and on his own behalf, hereby prays that this Court:

1.    Enter judgment against Defendants holding them liable for three times the amount of damages sustained by the United States because of Defendants' conduct;

2.    Enter judgment against Defendants holding them liable for a civil penalty of $21,563 for each violation of the Federal False Claims Act committed by Defendants after November 2, 2015;

3.    Enter judgment against Defendants holding them liable for three times the amount of damages sustained by the Plaintiff States and the District because of Defendants' conduct, as provided for under the false claims acts of the Plaintiff States and the District;

- 88 -

4. Enter judgment against Defendants holding them liable for the maximum civil penalties permitted for each violation of the false claims acts of the Plaintiff States and the District;

5. Enter judgment against Defendants awarding Relator a percentage of the proceeds recovered by the United States as a result of this action in accordance with 31 U.S.C. § 3730(d);

6. Enter judgment against Defendants awarding Relator a percentage of the proceeds recovered by the Plaintiff States and the District as a result of this action in accordance with the false claims acts of the Plaintiff States and the District;

7. Enter judgment against Defendants awarding Relator his costs of suit and attorneys' fees for prosecuting this action in accordance with 31 U.S.C. § 3730(d) and similar provisions in the false claims acts of the Plaintiff States and the District;

8. Enter judgment against Defendants awarding the United States, the Plaintiff States, the District, and/or Relator any and all other relief that the Court finds to be just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff–Relator John Doe demands trial by jury on all counts in this action.

Respectfully submitted,

Dated:  October 25, 2017

Royston H. Delaney, Esq. (BBO#655666)
Ilyas J. Rona, Esq. (BBO#642964)
DELANEY KESTER LLP
50 Congress Street, Suite 600
Boston, Massachusetts 02109
(857) 498-0384
royston@delaneykester.com
ilyas@delaneykester.com

    -and-

Charles F. Kester, Esq.
DELANEY KESTER LLP
4505 Las Virgenes Road, Suite 203
Calabasas, California 91302
(818) 974-8627
charles@delaneykester.com

*Attorneys for Plaintiff-Relator*